IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**PETER BERNEGGER**                                                              **PLAINTIFF**

v.                                                                                              No. 3:10CV5-M-A

**"SARAH" ADAMS**
**JENNIFER "DOE"**
**ROBERT J. MIMS**
**W. ALLEN PEPPER, JR.**
**MICHAEL EAST**
**PARKER HOWARD**
**U. S. MARSHAL SERVICE**
**BUREAU OF PRISONS**
**JEFF BUTLER**
**SAM MOORE**
**22 "JOHN DOE" DEFENDANTS**
**5 "JANE DOE" DEFENDANTS**                                        **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Peter Bernegger, who alleges that various defendants, both State and federal, have violated his constitutional rights. He seeks relief under 42 U.S.C. § 1983 (for his claims against the State defendants) and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971) (for his claims against the federal defendants). For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, all claims and defendants in the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

**Procedural Posture**

Put simply, this case has degenerated into disarray – a veritable squirrel's nest – in part because Mr. Bernegger's many claims and defendants have been added piecemeal in his

complaint, amended complaint, and other documents. It seems that wherever Mr. Bernegger has been housed, he believes that the jailors there have violated his constitutional rights. Mr. Bernegger has alleged many causes of action; the claims and defendants have certainly piled up as this case has progressed. Further complicating matters is Mr. Bernegger's habit of seeking reconsideration of every adverse ruling the court has made in this case. In addition, for each of his claims, Mr. Bernegger provides a skeletal description of perceived wrongs perpetrated against him, then simply lists the defendants below that description – without describing who carried out which actions or how each defendant was involved. Finally, Mr. Bernegger has listed many defendants against whom he has made no allegations whatsoever. In sum, the nature, number, and presentation of the claims and defendants in this case have made difficult its orderly administration

To be fair, the court itself must shoulder some responsibility for the state of this case. As this case has progressed, some claims and defendants were dismissed. Unfortunately (due largely to the difficulties described above) the court lost track of which defendants allegedly took part in each of the many claims and, thus, which claims and defendants remained in the case. This confusion resulted in service of process to several defendants who had previously been dismissed from the case. This memorandum opinion and judgment will set this case aright – and move it toward resolution.

To start unraveling the case, the court will set forth: (1) Bernegger's claims; (2) the origin of each claim; and (3) the defendants involved in each claim. Next, the court will set forth which claims and defendants have been dismissed from this case in previous orders. Then the court will catalog: (1) the claims remaining; and (2) the defendants involved in the remaining

claims. Finally, having thus established the claims and defendants remaining in the case after previous dispositive rulings, the court will determine the viability of the remaining claims.

## Peter Bernegger's Claims

On November 12, 2009, the plaintiff Peter Bernegger was found guilty by a jury of two counts of fraud under 18 U.S.C. § 1341 and one count of bank fraud under 18 U.S.C. § 1344.[1] All of Mr. Bernegger's claims arise out of those convictions and his incarceration in various facilities afterwards.

## Claims Found in the Original Complaint [1]
### (Filed January 21, 2010)

Mr. Bernegger's claims in his original complaint arise out of his prosecution for the crimes set forth above. Mr. Bernegger alleges that the late Judge W. Allen Pepper, Jr. and court employees Sarah Adams and Jennifer "Doe" failed to file Bernegger's *pro se* pleadings on the record. Bernegger also alleges that Judge Pepper permitted the criminal proceedings in the absence of subject matter jurisdiction. In addition, Bernegger alleges that Judge Pepper denied him the right to face his accuser. Bernegger also alleges that Assistant United States Attorney Robert Mims attempted to extort money from Bernegger's family. Finally, Bernegger alleges that Robert Mims tampered with witnesses in the case by speaking with them.

The defendants in Bernegger's original complaint are: (1) Sarah Adams; (2) Jennifer "Doe;" (3) Robert J. Mims; (4) Judge W. Allen Pepper, Jr.; and (5) John Does 1 and 2.

---

[1]Bernegger has appealed his conviction and sentence.

## Claims Found in the Amended Complaint (Sealed)
## (Filed February 9, 2010)

Bernegger included in his amended complaint extremely vile and graphic language; as such, the court sealed the document. He made the following claims against the Bolivar County Regional Correctional Facility and various officers employed there:

(1) Forced listening to repulsive videos;

(2) Forced participation in a conspiracy to use bootlegged movies;

(3) Exposure to environmental tobacco smoke;

(4) Failure to protect him from attack by other inmates;

(5) General conditions of confinement;

    (a) denial of weekly telephone calls;
    (b) making use of the telephone unreasonably expensive;
    (c) failure to respond to grievances; and

(6) Mail tampering (stamping outgoing mail to identify a jail or prison as its point of origin).

Bernegger made the following claims against the Oklahoma City Transfer Center:

(1) Denial of access to legal materials; and

(2) Denial of unmonitored access to his attorney;

(3) Taking of legal papers.

Bernegger made additional claims against Judge W. Allen Pepper, Jr.:

(1) Denial of the right to object on the record;

(2) Forcing Bernegger to sign a contract by threat of incarceration.

Bernegger made an additional claim against Assistant United States Attorney Robert J. Mims:

(1) Trying to force Bernegger to plead guilty to all six counts of the indictment, when he

was not charged in all six counts.

The defendants in Bernegger's Amended Complaint are: (1) the defendants named in the original complaint; (2) **Michael East**; (3) **Parker Howard**; (4) **U.S. Marshal Service**; (5) **Bureau of Prisons**; (6) **Jeff Butler**; (7) **Sam Moore**; (8) 20 John Does; (9) 5 Jane Does.

## Defendants Named in the Complaint and Amended Complaint

Thus, the defendants Bernegger has named in either his original complaint or amended complaint are: (1) **Sarah Adams**; (2) **Jennifer "Doe;"** (3) **Robert J. Mims**; (4) **Judge W. Allen Pepper, Jr.**; (5) **Michael East**, (6) **Parker Howard**, (7) **U.S. Marshal Service**, (8) **Bureau of Prisons**, (9) **Jeff Butler**,(10) **Sam Moore**, and (11) **the Oklahoma City Federal Transfer Center**.

## Defendants Named in Various Motions

Bernegger has also mentioned defendants – who were not named in either his complaint or amended complaint – in several motions throughout this case. The court, in accordance with the holding in *Haines v. Kerner*, 404 U.S. 519 (1972), will view the mention of these people as an attempt to add them as defendants. In a document [10] entitled "Verified Petition for Perpetuation of Testimony by Deposition," he mentions (12) **Officer Hayward (or Haywood)**, (13) **Captain Brown**, (14) **Captain White** – and refers to them later as "parties." In that same document, Bernegger states that he would like to depose (15) **Assistant Warden Sellers**, (16) **Captain Hicks**, (17) **Captain Cook**, and (18) **Ms. Walker**. He then vaguely states that he would like to depose these parties "concerning the claims in the Motion to Amend Complaint." Bernegger set forth *twelve* claims in his Amended Complaint, but in his request for depositions, he does not state what role any of these "parties" might have played in those claims.

In a Motion to Reconsider [31], Bernegger states that he previously named (19) **"a bankruptcy judge"** as a defendant in this case regarding the claim against Robert Mims for "witness tampering." That entire claim was dismissed in the court's memorandum opinion and judgment of June 17, 2010.

Bernegger again mentions Parker Howard, the late Judge W. Allen Pepper's former law clerk, as a defendant in the Motion to Reconsider [31]. In this document, Bernegger alleges that Judge Pepper and Parker Howard "called a witness" (Bernegger's attorney Rob Laher) in the bench trial of August 20, 2009 – a trial to determine whether Bernegger was in contempt of court. The court previously dismissed that entire claim for a variety of reasons, including the fact that Bernegger was found not to be in contempt of court – and thus suffered no harm from the alleged actions of Judge Pepper and Parker Howard. In that same document, Bernegger also mentions Judge Pepper and Parker Howard in connection with the claim that the court forced him to sign a contract. That claim was also dismissed in the court's judgment of June 17, 2010. The "contract" was a mental health release form, the execution of which was a requirement for bond. If Bernegger chose not to sign the release form, then he would not have met the conditions for bond – and he would have been held in custody until his trial.

Bernegger then lists the following defendants as part of his mail tampering and vulgar movies claims (which were dismissed with prejudice in the court's June 17, 2010, opinion and judgment: (20) **Mack Grimmett**, (21) **Tommy Taylor**, (22) **Captain Gallion**, (23) **Scott Peterson**, (24) **Chris Espy**, Asst. Warden Sellers, and the U. S. Marshal Service.[2] Bernegger

---

[2]The court has not assigned a number to the U. S. Marshal Service for this claim, as the Marshal Service was listed as a defendant in Bernegger's Amended Complaint. Similarly, the court has not assigned a number to Asst. Warden Sellers here, as he was listed as a defendant in

also mentions (25) **Lt. Wilson** as part of the previously dismissed vulgar movies claim.

In his October 4, 2010, Motion to Void Judgment [37], Bernegger seeks to have various claims and defendants added or reinstated, including some not previously mentioned, (26) **Lt. Hall**, and (27) **Warden of BOP Oklahoma City Transfer Center**.

Thus, through two versions of his complaint and several motions, Peter Bernegger has named *twenty-seven* defendants, involved in *numerous* alleged constitutional violations.

**The Court's Memorandum Opinion and Judgment of June 17, 2010**

The Court analyzed Bernegger's claims in its memorandum opinion and judgment of June 17, 2010, and dismissed various claims and defendants from this suit with prejudice. The following discussion summarizes the court's holdings in that memorandum opinion and judgment.

The following defendants were dismissed from this case because Bernegger did not make any allegations against them: (1) Michael East, (2) Parker Howard, U.S. Marshal Service, Bureau of Prisons, Jeff Butler, and Sam Moore.

The court dismissed Bernegger's claim that Ms. Adams and Jennifer "Doe" did not place his *pro se* pleadings on the docket because they were following the express instructions of the court. As this was the only claim against these two defendants, Ms. Adams and Jennifer "Doe" were dismissed from this case with prejudice.

Bernegger's claims against Assistant United States Attorney Robert Mims for extortion and witness tampering were dismissed for two reasons: because they fail to state cognizable claims and because Mims is cloaked in prosecutorial immunity. Bernegger's claim against

---

a previous document.

Robert Mims regarding an attempt to force Bernegger to plead guilty to all six counts of the indictment was dismissed for failure to state a claim upon which relief could be granted.

Bernegger's many allegations against United States District Judge W. Allen Pepper (proceeding in the absence of subject matter jurisdiction, denying Bernegger the right to face his accuser, denying Bernegger the right to state an objection on the record, and forcing Bernegger under threat of incarceration to sign a contract) were all dismissed for two reasons: because they failed to state a claim and because Judge Pepper is cloaked in judicial immunity.

Several of Bernegger's claims against the Bolivar County Regional Correctional Facility defendants were dismissed for failure to state a claim upon which relief could be granted: (1) forced listening to vulgar movies, (2) forced participation in a conspiracy to use "bootlegged" movies, (3) failure to protect Bernegger against harm from other inmates, (4) denial of access to a telephone, and (5) mail tampering.

In sum, under the court's June 17, 2010, memorandum opinion and judgment, the following defendants were dismissed with prejudice from this suit: Judge W. Allen Pepper, Jr., Assistant United States Attorney Robert Mims, Michael East, Parker Howard, U.S. Marshal Service, Bureau of Prisons, Jeff Butler, Sam Moore, "Sarah" Adams, and Jennifer "Doe." In addition, the following claims were dismissed with prejudice: proceeding in the absence of subject matter jurisdiction, denying Bernegger the right to face his accuser, denying Bernegger the right to state an objection on the record, forcing Bernegger under threat of incarceration to sign a contract, forced listening to vulgar movies, forced participation in a conspiracy, failure to protect Bernegger from harm at the hands of other inmates, denial of access to the telephone, mail tampering, and failure to docket Bernegger's *pro se* submissions to the court.

## Clearing up Which Claims and Defendants Remained
## After the June 17, 2010, Memorandum Opinion and Judgment

**Claims Remaining After the June 17, 2010, Judgment:**

In its memorandum opinion and judgment, the court identified the following claims (which appeared to arise out of his stay at the Bolivar County Regional Correctional Facility) as those which should proceed: (1) exposure to environmental tobacco smoke, (2) failure to respond to grievances, (3) denial of access to legal materials, and (4) denial of unmonitored access to his attorney.

Having studied the record further – and giving Mr. Bernegger the benefit of the doubt as to the interpretation on his rambling pleadings under *Haines v. Kerner*, 404 U.S. 519 (1972) – the court will give a broader interpretation to the claims regarding: (1) denial of access to legal materials, (2) the confiscation of his legal papers[3], and (3) unmonitored access to his attorney. Initially, the court interpreted these claims as applying only to his stay in Bolivar County; however, it appears that he may also have meant for these claims to apply to his brief stay in the Oklahoma City Federal Transfer Facility. The court will assume that these claims apply to Bernegger's stay in both facilities in the following discussion.

---

[3]The court had originally treated the claims for denial of access to legal materials and the confiscation of legal papers as the same claim. Though it will not change the resolution of this matter, for the sake of clarity, the court will treat them as separate claims in the instant opinion and judgment.

As a result of the broader interpretation of Bernegger's allegations, the following claims remain: (1) exposure to environmental tobacco smoke (at the BCRCF only), (2) failure to respond to grievances (at the BCRCF only), (3) denial of access to legal materials (at both BCRCF and the Oklahoma City Federal Transfer Center), (4) confiscation of legal materials (at both BCRCF and the Oklahoma City Federal Transfer Center), and (5) denial of unmonitored access to his attorney (at both BCRCF and the Oklahoma City Federal Transfer Center).

**Defendants Remaining:**

Giving Mr. Bernegger a *big* benefit of the doubt (by permitting him to add defendants by merely *mentioning* them in various motions), the following defendants have already been added to this case: **Mack Grimmett, Tommy Taylor, Captain Gallion, Scott Peterson, Chris Espy, Lt. Hall, Oklahoma City Federal Transfer Center, Warden of the Oklahoma City Federal Transfer Center, Assistant Warden Sellers.**

The Clerk of the Court will be directed to add these additional defendants, whom Bernegger merely mentioned in his motion [10] to reconsider: **Officer Hayward**, **Captain Brown**, **Captain White**, **Captain Hicks**, **Captain Cook**, and **Ms. Walker**.[4]

### Analysis of Bernegger's Remaining Claims

Having unwound the tangled web of Bernegger's allegations in this case, the court will analyze the remaining claims to determine which claims and defendants should be dismissed and which, if any, should remain.

---

[4]Mr. Bernegger also attempted to flesh out his claims against Judge Pepper, Robert Mims, and Parker Howard in later motions, but his claims against those defendants had already been properly dismissed, and will remain so.

**Defendants Dismissed Because the Claims Associated
with Them Have Already Been Dismissed**

The defendant listed as "**a bankruptcy judge**" will be dismissed because the only claim in which he was mentioned, the witness tampering claim, has been dismissed. Similarly, the following defendants will be dismissed because they are associated only with Bernegger's claims regarding mail tampering and vulgar movies (both of which have been dismissed): **Mack Grimmett**, **Tommy Taylor**, **Assistant Warden Sellers**, **Captain Gallion**, **Scott Peterson**, **Chris Espy**, and the **U.S. Marshal Service**. **Lt. Wilson** will be dismissed because he is associated only with Bernegger's claim regarding vulgar movies.

**Defendants That Will Be Dismissed Because Bernegger's Allegations
Against Them Fail to State a Claim Upon Which Relief Could Be Granted.**

Three of Bernegger's allegations can be grouped into the single legal claim that he has been denied access to the courts: (1) denial of access to legal research materials, (2) confiscation of his legal documents, and (3) denial of unmonitored access to his attorney. Under the law – and by any rational measure – Bernegger has enjoyed abundant access to the courts. These allegations will be dismissed for failure to state a claim upon which relief could be granted. Denial of access to the courts is Bernegger's sole claim against the **Oklahoma City Federal Transfer Center** and the **Warden of the Oklahoma City Federal Transfer Center**. As such, these defendants will be dismissed with prejudice from the present case.

Bernegger had adequate access to the courts through counsel appointed to defend his criminal case. He has alleged no harm from lack of access to a legal library – and he has certainly prosecuted the present case in this court with vigor. As such, his claims for denial of access to the courts will be dismissed. Bernegger made similar claims against unspecified

defendants at the BCRCF, and those claims will be dismissed, as well.

Prisoners enjoy a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996), quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted).

However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992), citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). It is only when a prisoner suffers some sort of actual prejudice or detriment from denial of access to the courts that the allegation becomes one of constitutional magnitude. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). To prove his claim, a plaintiff must show real detriment – a true denial of access – such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970). Peter Bernegger has not alleged any harm – at all – from the purported denial of access to the courts. This, alone, requires the dismissal of the claims of denial of access to the courts.

An inmate's right of access to the courts may be fulfilled in ways other than access to a law library. *Lewis v. Casey*, 518 U.S. 343, 351,116 S.Ct. 2174, 2180 (1996). The right of access to the courts is not "an abstract, freestanding right to a law library or legal assistance[;] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id*. In this case, the plaintiff's access to the courts in his criminal case is through the counsel appointed him, "[f]or, once the [government] has provided a petitioner with an attorney . . . , it has provided him with the 'capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *Lamp v. Iowa*, 122 F.3d 1100, 1106 (8th Cir.1997), quoting *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *see also Schrier v. Halford*, 60 F.3d 1309, 1313-1314 (8th Cir.1995) (having appointed counsel is one way in which state can shoulder its burden of assuring access to the courts); *Sanders v. Rockland County Correctional Facility*, No. 94 Civ. 3691, 1995 WL 479445 at *2 (S.D.N.Y. Aug. 14, 1995) ("By the appointment of counsel, plaintiff was afforded meaningful access to the courts in his trial.") When the government provides adequate legal assistance to a prisoner, it has fulfilled its obligation to provide him access to the courts – and need not provide access to a law library. "Inmates are entitled to either adequate law libraries or adequate assistance from persons trained in the law, but certainly not both." *Meeks v. California Dep't of Corrections*, 1993 WL 330724 (9th Cir. Aug. 31, 1993), citing *Bounds*, 430 U.S. at 828.

Peter Bernegger had counsel appointed to defend him against *criminal* charges; as such, he has adequate access to the courts in his criminal case. Further, given his prolific filings in the instant *civil* case, with numerous legal citations, he can hardly claim that he has been denied access to this court for his civil claims. As such, the plaintiff's claim of denial of access to the

courts will be dismissed for failure to state a constitutional claim – and defendants **Oklahoma City Federal Transfer Center** and the **Warden of the Oklahoma City Federal Transfer Center** will be dismissed with prejudice from this case.

### Bernegger Has Made No Allegations Against Lt. Hall, Who Will Be Dismissed With Prejudice From This Case

Though Mr. Bernegger mentioned a defendant named Lt. Hall in his October 4, 2010, Motion to Void Judgment [37], he made absolutely no allegations against Hall anywhere in his multitudinous pleadings and motions. As such, **Lt. Hall** will be dismissed from this case with prejudice.

### Bernegger's Claim that the BCRCF Would Not Respond to His Grievances Will Be Dismissed for Failure to State a Claim Upon Which Relief Could Be Granted

Peter Bernegger has alleged that the Bolivar County Regional Correctional Facility and unspecified employees there would either ignored his grievances or put them into the trash. He believes that these acts (or omissions) rise to the level of a constitutional violation. He is mistaken. Inmates must exhaust their "administrative remedies as are available" before proceeding with a civil action under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). A prison system is not required to establish grievance procedures, and the failure of a jail or prison to establish or adhere to a grievance procedure does not rise to the level of a § 1983 claim. 42 U.S.C. 1997e(b); *Bradford v. Kuykendall*, 2005 WL 1521016, 5(E. D. Tex.) citing G*eiger v. Gowers,* 404 F. 3d 371, 374 (5th Cir. 2005). Inmates have no basis for a civil rights lawsuit simply because they are unhappy with grievance procedures. *Id*. In any event, the failure of prison officials to respond to grievances is not even an impediment to exhaustion. *Powe v. Ennis*, 177 F.3d 393 (5th Cir. 1999) (administrative remedies are deemed exhausted if prison officials fail to respond to grievances). For these reasons, Mr. Bernegger's claims regarding the failure of unspecified BCRCF

employees to respond to his grievances will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

## Exposure to Environmental Tobacco Smoke

After dismissal of various claims and defendants in the court's opinion and judgment of June 17, 2010, and the preceding discussion in the present memorandum opinion, Bernegger's alleged exposure to environmental tobacco smoke while housed at the Bolivar County Regional Correctional Facility is his sole remaining claim. He has not, however, specified which defendants might be involved in this claim; nor has he described any acts or omissions by the unnamed defendants which might have led to his exposure to tobacco smoke. In addition, Bernegger has alleged absolutely no harm from such exposure. Though courts must construe a *pro se* litigant's pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), the court must not supplement the pleadings with additional facts or construe the complaint to contain claims not present in the pleadings.

A plaintiff must set forth grounds entitling him to relief – and must do so with more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). The facts alleged must be sufficient to identify a right to relief above the level of mere speculation. Bernegger's allegations regarding exposure to environmental tobacco smoke do not rise to that level. Bernegger has not specified which defendants participated in his environmental tobacco smoke claim, the acts or omissions leading to his alleged exposure, the period during which he may have been exposed to tobacco smoke, or any harm he might have suffered from it. As such, he has not stated a constitutional claim regarding environmental tobacco smoke, and this allegation will be dismissed.

## Remaining Defendants Dismissed Because Bernegger

**Has Not Set Forth Any Acts or Omissions Against Them**

As discussed above, in Bernegger's "Verified Petition for Perpetuation of Testimony by Deposition," [10] he mentions (1) **Officer Hayward (or Haywood)**, (2) **Captain Brown**, (3) **Captain White** – and refers to them later as "parties." In that same document, Bernegger states that he would like to depose (4) **Assistant Warden Sellers**, (5) **Captain Hicks**, (6) **Captain Cook**, and (7) **Ms. Walker**. He then states that he would like to depose these parties "concerning the claims in the Motion to Amend Complaint."

To say the least, this claim is vague, as Bernegger set forth *twelve* claims in his Amended Complaint, but in his request for depositions, he does not state what part any of these parties might have played in those twelve claims. Such nebulous allegations do not state a viable claim. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). As such, these defendants will be dismissed with prejudice from this case for failure to state a claim against them upon which relief could be granted.

In sum, all of the remaining claims and defendants will be dismissed, and the case will be dismissed with prejudice. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 31st day of May, 2012.

                                        **/s/ MICHAEL P. MILLS**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**